# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 95-CR-0031-001-TCK |
| v. ) | |
| ) | USM Number: 26299-077 |
| DANNY RAY EVANS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion of Defendant for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c), citing Amendment 706 which revised USSG § 2D1.1 (Doc. 218).

In October 1995 Defendant was found guilty by jury verdict of Counts One and Two of a Superseding Indictment charging Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and Carrying a Firearm in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). In April 1996 Defendant was sentenced to a term of imprisonment of 235 months as to Count One, and 60 months as to Count Two, said term to run consecutive to the term imposed in Count One. The Court thus imposed an aggregate term of imprisonment of 295 months. In imposing sentence, the Court utilized the 1995 edition of the Guidelines Manual to reach a total offense level 38 and a guideline sentencing range of 235 to 293 months as to Count One. Count Two mandated a consecutive term of 60 months imprisonment. Although Defendant moves for reduction of sentence under Amendment 706, he presents no factual basis or argument that application of the amendment entitles him to a reduction in the offense level. Rather, his motion focuses on a request that the Court depart downward based on post-conviction rehabilitation, or grant a variance, citing alleged Sixth

Amendment violations and the unreasonable penalty disparity between powder and crack cocaine. In support of this request, Defendant cites United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 552 U.S. 85 (2007), and the sentencing factors found in 18 U.S.C. § 3553(a), as authority for the Court to impose a lesser sentence.

Retroactive Amendment 706 reduced the adjusted offense level for many, but not all offenses involving crack cocaine. Defendant was found to have conspired to possess with intent to distribute no less than 6.352 kilograms of cocaine base (PSR, ¶ 19). This finding resulted in a base offense level 38 because the offense involved more than 4.5 kilograms of cocaine base. Retroactive Amendment 706 revised § 2D1.1 to provide for a maximum base offense level 38 for offenses involving more than 4.5 kilograms of crack cocaine. This amendment further revised § 2D1.1 to provide for base offense level 36 for offenses involving at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. Because the offense involved more than 4.5 kilograms of cocaine base, Amendment 706 does not result in a lowering of Defendant's offense level. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG § 1B1.10(a)(2)(B). As the facts establish that Defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

With respect to Defendant's request for a downward departure or variance, this Court does not have jurisdiction to consider Defendant's motion. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Under

2

the cover of a flawed § 3582(c) motion, Defendant wants this Court to reconsider its sentence, and reduce the term pursuant to Booker, Kimbrough, and § 3553(a) factors. The Court is aware of no statute or rule of criminal procedure that permits such reconsideration. See United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (holding that Booker itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)). The Court correctly determined that a reduction of sentence is not authorized by § 3582(c) because the retroactive amendment does not have the effect of lowering Defendant's guideline range. Because § 3582(c) does not apply, there is no authority to resentence the Defendant. Unless a basis for resentencing a defendant falls within § 3582(c), a district court lacks jurisdiction to consider a defendant's request to change a sentence. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997). Defendant points to the effects of Booker and Kimbrough as a basis to reconsider his sentence. However, the Booker decision does not give courts retroactive authority to change sentences, and § 3582(c) does not come into play until there has been a change in the Guidelines in defendant's favor. Thus, Defendant's contention that a district court may, under this circumstance, consider Booker and § 3553(a) factors, is erroneous. See Dillon v. United States, 130 S.Ct. 2683 (2010) (held that under § 3582(c)(2) the Sentencing Commission's policy statements in U.S.S.G. § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences). Dillon made clear that proceedings under § 3582(c)(2) are neither sentencing nor resentencing proceedings, and that neither Booker's constitutional nor remedial holdings apply to such proceedings. Further, the Tenth Circuit Court of Appeals has repeatedly rejected the notion that the principles informing Booker have any role in a sentencing modification proceeding under § 3582(c)(2). See United States v. Rhodes, 549 F.3d 833, 839 (10th Cir.2008) ("Booker simply has no bearing on sentencing modification

proceedings conducted under § 3582(c)(2)."); United States v. Pedraza, 550 F.3d 1218, 1220 (10th Cir.2008) ("A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the Booker remedy."). Accordingly, any "argument that Booker and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled: they do not." Pedraza, 550 F.3d at 1220.

For reasons stated herein, this Court is without jurisdiction to consider a reduction of sentence under 18 U.S.C. § 3582(c). As such, no resentencing will occur and this Court does not have authority to depart or vary from the sentence imposed.

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 218), is **dismissed for lack of jurisdiction**.

**DATED** this 9th day of May, 2011.

_____
**TERENCE KERN**
**United States District Judge**